Arthur I. Seld, Esq. Informal Opinion Town Attorney No. 96-27 Town of Mentz P. O. Box 354 Seneca Falls, N Y 13148-0354
Dear Mr. Seld:
You have asked whether a conflict of interests would result were a town political party chairperson to serve as the single appointed assessor of the town.
The position of political party chairperson is not a State or local public office, but is separately characterized as a party office under the Election Law. Election Law § 1-104(5); Matter of Sulli v. Bd. ofSupervisors of the County of Monroe, 24 Misc.2d 310 (Sup Ct Monroe Co 1960); see also, Cunningham v. Bronx Co. Democratic Executive Committee,420 F. Supp. 1004, 1006 (USDC SDNY 1976), affd, 431 U.S. 801 (1977). Therefore, the doctrine of compatibility of office, which applies to public offices and positions of employment, would not apply to a party office. Matter of Sulli, supra; 1981 Op Atty Gen (Inf) 111; 1978 Op Atty Gen (Inf) 91. We are not aware of any statutory provision that prohibits the holding of these two positions. See, Real Property Tax Law §§310, et seq., establishing the qualifications of assessors.
Public officials should not, however, accept positions or become involved in outside activities which conflict with their official duties. Every local government is required to promulgate a code of ethics providing standards
 for officers and employees with respect to disclosure of interest in legislation before the local governing body, holding of investments in conflict with official duties, private employment in conflict with official duties, future employment and such other standards relating to the conduct of officers and employees as may be deemed advisable. Such codes may regulate or prescribe [sic] conduct which is not expressly prohibited by this article but may not authorize conduct otherwise prohibited. Such codes may provide for the prohibition of conduct or disclosure of information and the classification of employees or officers.
General Municipal Law § 806(1)(a). Therefore, you should review your code of ethics to determine whether there are applicable standards. If found appropriate, the town board can amend the code to add standards. Further, you may request an opinion of the town board of ethics, or if not established, the county board of ethics construing your local code of ethics concerning the question raised. Matter of Sulli,supra, 34 Misc.2d at 314.
We conclude that there is no incompatibility or statute prohibiting a town assessor from also serving as a local political party chairperson. The municipality should, however, review its local code of ethics to determine whether there are any applicable standards and may, if found to be appropriate, amend the code to add standards.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions